UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| ROSHONA CROW | CIVIL ACTION NO. 17-1287 |
| --- | --- |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ROOSEVELT L. TONEY, ET AL. | MAGISTRATE JUDGE HAYES |

MEMORANDUM RULING

Before the Court are motions for summary judgment filed by Defendants Jones Transportation, Inc. ("Jones"), Francis Hancock ("Hancock"), and Insurance Company of Pennsylvania (collectively, the "Jones Defendants") [Record Document 61] and First Mercury Insurance Company ("First Mercury") [Record Document 66]. For the reasons below, the motions are **GRANTED**, and Plaintiffs' claims against First Mercury and the Jones Defendants are **DISMISSED WITH PREJUDICE**.

I.  **Background**

This case arises out a seven-car collision on Interstate 20 in August 2016. [Record Document 63 at 2]. Unsurprisingly for such an accident, the facts are complex, and so this Court will recite only those relevant to the instant motion.[1]

---

[1] The clearest explanation of the sequence of events involved in the entire wreck is the report prepared by the state trooper who responded to the scene. Neither party filed this document into the record of this case, but it is located in the record of a related case concerning the liability of the driver who initiated the chain of collisions. [Record Document 1-2 in Docket No. 5:17-cv-243]. The Court points to this document for reference purposes only; it played no role in this ruling.

1

Plaintiff Roshona Crow ("Crow") was driving a Crown Victoria (Vehicle 7). [Record Documents 63 at 2 and 70 at 1]. Hancock was operating a tractor-trailer for his employer, Jones (Vehicle 6). [Record Document 63 at 2]. During the accident, a Toyota Highlander driven by Jocephus Melton (Vehicle 3) and a Mercedes GLA250 driven by Sara Cruz ("Cruz") (Vehicle 4) collided with Hancock's tractor-trailer. [Record Documents 68-6, 70 at 1, and 73-1 at 67]. The Toyota struck the Mercedes. [Record Documents 70 at 1 and 73 at 3]. The Mercedes struck Crow's Crown Victoria. [Record Documents 61-4 at 5 and 70 at 1]. During the accident, Crow's car was also rear-ended by a Ford F150 driven by Charlie Grice (Vehicle 5). [Record Document 61-4 at 4].

At the beginning of the accident all the vehicles except Hancock's were in the left lane. After being struck from behind, Melton's Toyota collided with Cruz's Mercedes. [Record Documents 70 at 1 and 73 at 3]. At that point, the Toyota spun into the right lane, where it collided with Hancock's truck; the Toyota never made direct contact with Crow's Crown Victoria. [Record Document 73-1 at 79, 145]. Meanwhile, Cruz's Mercedes collided with the Crown Victoria in the left lane before spinning into the right lane where it too collided with Hancock's trailer before coming to rest on the right shoulder. [Record Documents 68-6 at 1 and 73-1 at 143]. Crow's Crown Victoria ended the accident in the left lane. [Record Document 73-1 at 141].

At his deposition, Crow could not testify to personal knowledge of which vehicles struck his Crown Victoria. [Record Document 63 at 2–3]. Hancock as well as the state trooper who investigated the accident testified that Hancock's tractor-trailer never struck Crow's Crown

2

Victoria. [*Id.* at 3]. On the basis of this lack of direct contact, the Jones Defendants moved for summary judgment. [Record Document 61 at 2]. First Mercury, Jones's excess insurer, then adopted the Jones Defendants' motion. [Record Document 66 at 1–2]. Crow filed a memorandum in opposition, arguing that there is a dispute of fact on the issue of causation because Hancock's trailer struck Cruz's Mercedes and the Mercedes struck Crow's Crown Victoria. [Record Document 68]. First Mercury filed a late reply brief, arguing for the first time based on different evidence that Hancock was not the cause of Crow's damage because Cruz's Mercedes collided with Hancock's truck only after Cruz's Mercedes had collided with Crow's Crown Victoria. [Record Document 73]. The Jones Defendants adopted the arguments in this brief. [Record Document 74]. In order to provide Crow with a fair opportunity to meet this new evidence, the Court granted Crow the right to file a sur-reply to rebut Defendants' new evidence. [Record Document 75]. Crow has filed a sur-reply, asserting that he has no additional evidence or argument to present to the Court. [Record Document 76].

## II. Standard on Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine

---

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

3

issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be

deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

## III. Analysis

### A. Applicable State Law

This personal injury dispute arises under Louisiana law. Under Louisiana's duty-risk analysis, a plaintiff asserting a negligence claim must establish:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).

*Boykin v. La. Transit Co.*, 96-1932, p. 8 (La. 3/4/98); 707 So. 2d 1225, 1230 (citing *Fowler v. Roberts*, 556 So. 2d 1, 4–5 (La. 1989), *rev'd on reh'g on other grounds*, 556 So. 2d 1; David W. Robertson et al., *Cases and Materials on Torts* 83-84 (1989)). Each of these elements must be satisfied in order to find a defendant liable. *Mathieu v. Imperial Toy Co.*, 94-0952, p. 4 (La. 11/30/94); 646 So. 2d 318, 322. Courts should typically begin with the cause-in-fact element. *See Boykin*, 96-1923, p. 9; 707 So. 2d at 1230 (citing *Pierre v. Allstate Ins. Co.*, 242 So. 2d 821 (La. 1970)). "Cause-in-fact usually is a 'but for' inquiry which tests whether the accident would or would not have happened but for the defendant's substandard conduct." *Id.* "When there are concurrent causes of an accident which nevertheless would have occurred in the absence of one of the causes, the proper inquiry is whether the conduct under consideration was a substantial factor in bringing about the accident." *Id.* at p. 9 n.10; 707 So. 2d at 1230 n.10. Thus, in the present case, the question is whether Hancock's actions were a substantial factor in bringing

about the collision between Crow's Crown Victoria and Cruz's Mercedes.

B. **Lack of Direct Contact Between Hancock's Tractor-Trailer and Crow's Car**

The Jones Defendants and First Mercury strenuously deny liability because Hancock's tractor-trailer did not directly impact Crow's vehicle. [Record Documents 61 at 2 and 66 at 1]. Although this fact is deemed admitted, this fact does not require the inference that Hancock's conduct was entirely outside the chain of causation that ultimately resulted in Cruz's vehicle striking Crow's vehicle. It is a "fundamental property of natural phenomena" that the force of an impact between two objects may cause one of them to strike a third. *Springer v. Gov't Emp. Ins. Co.*, 311 So. 2d 36, 40 (La. Ct. App. 1975) (quoting *Lord v. Auto Owners Ins. Co.*, 177 N.W.2d 653, 655 (Mich. Ct. App. 1970)). Thus, Defendants are not entitled to summary judgment on the theory that because there was no direct contact between the vehicles that Hancock was not the cause of any of Crow's damage.

C. **Order of the Collisions**

In its reply brief, First Mercury advanced a new theory: that Cruz's Mercedes collided with Hancock's tractor-trailer only <u>after</u> the Mercedes had already collided with Crow's Crown Victroria. [Record Document 73 at 4]. In support, First Mercury points to the testimony of the state trooper who responded to the accident. [Record Document 73 at 3–4]. If the collisions of the Cruz's Mercedes and Melton's Toyota with Hancock's truck occurred after those vehicles had exited the left lane (i.e, the lane in which Crow's Crown Victoria was located throughout the accident), this sequence of events would make it physically impossible for Hancock to have

caused the damage suffered by Crow when Cruz's Mercedes struck Crow's Crown Victoria.

In response to the Court's invitation to point to record evidence that would raise a question of material fact about this sequence of events, [Record Document 75], Crow filed a sur-reply stating that he "does not have any additional information to add [to] that which is already set out in his Opposition to Defendants' Motion for Summary Judgment filed on August 28, 2018," [Record Document 76 at 1]. In that opposition Crow asserted as an undisputed fact that Hancock's trailer colliding with Melton's Toyota caused the latter to collide with Cruz's Mercedes, [Record Document 70 at 1], but Crow did not provide a citation to the record establishing this sequence of events.

Although the Court must draw all inferences on summary judgment in a plaintiff's favor, the Court may only draw these inferences from facts in the record. Crow is correct that the record establishes that Hancock's trailer collided with Cruz's Mercedes and Melton's Toyota and that the Mercedes collided with Crow's Crown Victoria. If that were the only record evidence before the Court, there would be a dispute of fact regarding the sequence of collisions. However, First Mercury has pointed to record evidence that Cruz's Mercedes and Melton's Toyota struck Hancock's trailer <u>after</u> the Mercedes struck the Crown Victoria. Crow has pointed to no record evidence that Hancock's trailer struck Cruz's Mercedes and Melton's Toyota <u>before</u> the Mercedes struck Crow's Crown Victoria. As a result, Crow has not carried his burden of production on summary judgment. First Mercury and the Jones Defendants are entitled to summary judgment.

IV.  Conclusion

For the reasons given above, First Mercury's and the Jones Defendants' motions for summary judgment [Record Documents 61 and 66] are **GRANTED**.

**IT IS ORDERED** that Crow's claims against First Mercury and the Jones Defendants are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 24 day of September, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE